Filed 3/26/24  P. v. Montejano CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yuba)

----

| | |
|---|---|
| THE PEOPLE, | C098691 |
| Plaintiff and Respondent, | (Super. Ct. No. CRF1902281) |
| v. | |
| ERIC MONTEJANO, | |
| Defendant and Appellant. | |

In a prior appeal, we vacated defendant Eric Montejano's sentence and remanded so the trial court could exercise its discretion provided by recent amendments to Penal Code[1] section 654.  The trial court resentenced defendant to 25 years to life in prison for abuse on a child causing death and imposed and stayed execution of shorter sentences for two other offenses.  Defendant contends the trial court abused its discretion by imposing the longest sentence, rather than a lesser sentence of 15 years to life for murder.  We find no abuse of discretion by the trial court and affirm the judgment.  We will, however, direct the trial court to correct clerical errors in the abstracts of judgment.

**BACKGROUND**

In 2021, a jury found defendant guilty of assault on a child causing death, murder, and willfully causing harm or injury to a child under circumstances likely to produce great bodily harm or

---

[1]    Undesignated statutory references are to the Penal Code.

1

death (child abuse). The jury also found true the allegation that defendant personally inflicted great bodily injury on a person under the age of five. The jury found defendant not guilty of dissuading a witness.

The trial court sentenced defendant to 25 years to life for assault on a child causing death, 15 years to life for murder, six years for child abuse, and six years for the great bodily injury enhancement. Pursuant to section 654, the trial court stayed execution of the sentences for murder and child abuse, including the attached enhancement.

Defendant appealed the judgment, and this court affirmed his convictions but vacated his sentence and remanded for resentencing in light of recent amendments to section 654. (*People v. Montejano* (Oct. 5, 2022, C094578) [nonpub. opn.].) On remand, defendant described abuse he suffered as a child, his minimal criminal history, and his acceptance of responsibility for his crimes in asking the trial court to stay the sentence for assault on a child causing death and instead impose the shorter sentence for murder. The prosecution described the severity of the crime, defendant's initial attempts to hide what he did, and his violation of a position of trust as the father of the victim and argued the aggravating circumstances significantly outweighed any mitigating circumstances.

The trial court rejected defendant's arguments and again sentenced defendant to 25 years to life for assault on a child causing death, 15 years to life for murder, six years for child abuse, and six years for the great bodily injury enhancement. The court again stayed the sentences for murder and child abuse pursuant to section 654. The court also issued amended abstracts of the judgment, giving defendant credit for time served in prison between the initial sentencing hearing and the resentencing hearing, though the amended abstracts do not indicate that resentencing occurred.

Defendant timely appealed.

## DISCUSSION

### I

*Abuse of Discretion*

Defendant contends the trial court abused its discretion by imposing the longer sentence for assault on a child causing death, rather than the lesser sentence for murder. We find no abuse of discretion.

2

As defendant acknowledges, the trial court has broad sentencing discretion. On appeal, we will affirm as long as the court exercised that discretion "in a manner that is not arbitrary and capricious, that is consistent with the letter and spirit of the law, and that is based upon an 'individualized consideration of the offense, the offender, and the public interest.' " (*People v. Sandoval* (2007) 41 Cal.4th 825, 847.) " ' "[T]he burden is on the party attacking the sentence to clearly show that the sentencing decision was irrational or arbitrary. [Citation.] In the absence of such a showing, the trial court is presumed to have acted to achieve legitimate sentencing objectives, and its discretionary determination to impose a particular sentence will not be set aside on review." ' " (*People v. Carmony* (2004) 33 Cal.4th 367, 376-377.) The court's " ' "decision will not be reversed merely because reasonable people might disagree. 'An appellate tribunal is neither authorized nor warranted in substituting its judgment for the judgment of the trial judge.' " ' " (*Id.* at p. 377.) In other words, "a trial court does not abuse its discretion unless its decision is so irrational or arbitrary that no reasonable person could agree with it." (*Ibid.*)

Defendant has failed to establish an abuse of discretion. Defendant claims the trial court "ignored the obvious mitigating circumstances of [defendant]'s life," but the record belies this assertion. Rather, the trial court found that defendant suffering abuse as a child was insufficient to mitigate the horrific crime of beating to death his five-week-old child. We cannot say that no reasonable person could agree with the trial court's decision. Accordingly, we will affirm the judgment.

## II

### *Amended Abstracts of Judgment*

In our review of the record, we have determined that the amended abstracts of judgment prepared after the resentencing hearing do not accurately reflect that defendant was resentenced. The trial court properly awarded credit for the 644 days defendant served in custody from his original sentencing on July 19, 2021, to the resentencing on April 24, 2023. (See *People v. Buckhalter* (2001) 26 Cal.4th 20, 41.) But, because the amended abstracts of judgment still indicate defendant was sentenced on July 19, 2021, and do not indicate defendant was resentenced pursuant to our decision in his first appeal, the amended abstracts may cause those 644 days to be double counted.

3

To avoid such confusion, we will order the trial court to correct the amended abstracts to indicate that the court resentenced defendant.  (See *People v. Mitchell* (2001) 26 Cal.4th 181, 185 [appellate court may correct clerical errors in abstract of judgment and minute orders that do not accurately reflect the oral pronouncement of judgment by a sentencing court].)  Specifically, the trial court is directed to:  (1) correct sections 15 and 13 on forms CR-290 and CR-292, respectively, to indicate that the court resentenced defendant pursuant to our decision on appeal; (2) correct the "Date of Hearing" field at the top of each form and the "Date Sentence Pronounced" field in section 16 to indicate the date of the resentencing hearing; and (3) indicate that defendant served 644 days in Department of Corrections and Rehabilitation in section 16 on form CR-290.

## DISPOSITION

The judgment is affirmed.  The trial court is directed to correct the amended abstracts of judgment as indicated in this opinion and forward a certified copy of the corrected abstracts to the Department of Corrections and Rehabilitation.


/s/
Ashworth, J.*



We concur:



/s/
Robie, Acting P. J.



/s/
Duarte, J.

---

\*      Judge of the El Dorado County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.